UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| NORINE F. GARZA,<br><br>Plaintiff,<br><br>v.<br><br>JO ANNE B. BARNHART, Commissioner of Social Security,<br><br>Defendant. | No. CV-05-5094-CI<br><br>ORDER GRANTING DEFENDANT'S MOTION TO DISMISS WITH PREJUDICE |

BEFORE THE COURT is Defendant's Motion to Dismiss, filed November 10, 2005, served electronically on counsel for Plaintiff, but not noted for hearing. (Ct. Rec. 8.) Attorney Jeffrey Schwab represents Plaintiff; Special Assistant United States Attorney Jeffrey H. Baird represents Defendant. The parties have consented to proceed before a magistrate judge. (Ct. Rec. 6.)

On December 5, 2005, the court directed Plaintiff to show cause why the captioned matter should not be dismissed; a response was due by December 12, 2005. No response has been received.

Defendant moves to dismiss the captioned matter, noting the court has no jurisdiction, pursuant to 42 U.S.C. § 405(g), to consider the matter because a "final decision" "after a hearing" was not obtained. Plaintiff filed for supplemental security income (SSI) benefits; her application was denied initially and on reconsideration. Plaintiff requested an administrative hearing but

failed to appear. She was served with a Notice to Show Cause for Failure to Appear. (Tr. at 42-43.) Plaintiff responded by letter dated March 23, 2005, explaining she had misplaced the Notice of Hearing because she was "overwhelmed and disorganized." (Tr. at 44.) On March 25, 2005, the ALJ determined Plaintiff's reasons for failing to appear did not constitute good cause and issued an order dismissing her claim. (Tr. at 14.) Thus, the final decision on Plaintiff's application for benefits was the State Agency decision of August 7, 2003. 20 C.F.R. § 416.1457(b)(2). Plaintiff requested review before the Appeals Council, but review was denied. (Tr. at 4-5.) This appeal followed.

A claimant's failure to exhaust the procedures set forth in the Social Security Act, 42 U.S.C. § 405(g), deprives the district court of jurisdiction. *Heckler v. Ringer*, 466 U.S. 602, 617 (1984); *Ensey v. Richardson*, 469 F.2d 664, 666 (9th Cir. 1972). Section 405(g) provides a civil action may be brought only after (1) the claimant has been party to a hearing held by the Commissioner, and (2) the Commissioner has made a final decision on the claim. To obtain a hearing, the claimant must (1) present a claim to the Commissioner and obtain an initial determination (20 C.F.R. § 404.900(a)(1)); (2) seek reconsideration (20 C.F.R. §§ 404.900(a)(2), 404.909, 404.920); and (3) after reconsideration, request a hearing before an administrative law judge (20 C.F.R. §§ 404.900(a)(3), 404.933). The decision made following the hearing does not become the final decision of the Commissioner until the claimant requests review by the Appeals Council, and the Appeals Council either grants or denies review. 20 C.F.R. §§ 404.900(a)(5), 404.955, 404.981. Absent a final decision from the ALJ following an administrative hearing, judicial

review is not available. *Califano v. Sanders*, 430 U.S. 99, 108 (1977). A dismissal for failure to appear at an administrative hearing is not a final decision. Thus,

**IT IS ORDERED:**

1. Defendant's Motion to Dismiss **(Ct. Rec. 8)** is **GRANTED;** Plaintiff's Complaint and claims are **DISMISSED WITH PREJUDICE.**

2. The District Court Executive is directed to file this Order and provide a copy to counsel for Plaintiff and Defendant.

DATED January 3, 2006.

S/ CYNTHIA IMBROGNO
UNITED STATES MAGISTRATE JUDGE